FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 DEC 24 P 12: 07

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

LINEWEIGHT, LLC, and CRYE
PRECISION, LLC,

    Plaintiffs,

v.

READYONE INDUSTRIES, INC.

    Defendant.

Civil Action No. 2:14CV657

(JURY TRIAL DEMANDED)

## COMPLAINT

Plaintiffs LineWeight, LLC and Crye Precision, LLC (collectively "Plaintiffs"), for their Complaint against Defendant ReadyOne Industries, Inc. ("Defendant"), state and allege as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement and pre-issuance infringement arising under the Acts of Congress, 35 U.S.C. §§ 154(d); 271; 281, based on Defendant's infringement of United States Patent No. 7,237,270 ("the '270 patent") and Defendant's infringement and pre-issuance infringement of United States Patent No. 8,621,666 ("the '666 patent") (collectively "the patents in suit").

### THE PARTIES

2. Plaintiff LineWeight, LLC ("LineWeight") is a New York limited liability company with a principal place of business at Brooklyn Navy Yard, 63 Flushing Avenue, Unit 252, Brooklyn, New York 11205.

1

3. Plaintiff Crye Precision, LLC ("Crye Precision") is a New York limited liability company with a principal place of business at Brooklyn Navy Yard, 63 Flushing Avenue, Unit 252, Brooklyn, New York 11205.

4. Upon information and belief, Defendant ReadyOne Industries, Inc., is a Texas corporation with its principal place of business at 11460 Pellicano Drive, El Paso, TX 79936.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, this Court has personal jurisdiction over Defendant in that Defendant has done business and continues to do business in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) – (d) in that Defendant is a corporation subject to personal jurisdiction within this judicial district.

## THE PATENTS IN SUIT

8. The '270 patent is entitled "Removable Garment Protective Assembly," and was duly and legally issued on July 3, 2007. A copy of the '270 patent is attached hereto as Exhibit A. The '270 patent generally relates to a garment assembly which comprises a pair of pants and a knee pad pocket on each leg for removable kneepads.

9. The '666 patent is entitled "Garment Protective Assembly," and was duly and legally issued on January 7, 2014. A copy of the '666 patent is attached hereto as Exhibit B. The '666 patent generally relates to an improved garment assembly which comprises a pair of pants and a knee pad pocket on each leg for removable kneepads.

10. Plaintiff LineWeight is the assignee of the patents in suit. Plaintiff Crye Precision is the exclusive licensee of the patents in suit.

## STATEMENT OF FACTS

11. Crye Precision is a recognized leader in the design and manufacture of military equipment and apparel. For over ten (10) years, Crye Precision has developed innovative products that improve the way the U.S. military operates. Crye Precision is a leading designer and provider of garments and equipment worn by virtually all U.S. military personnel.[1]

12. For example, nearly all U.S. military personnel are wearing garments or equipment produced or designed by Crye Precision, including but not limited to apparel encompassing the inventions of the patents in suit.

13. Upon information and belief, Defendant manufactures, causes to be manufactured, uses, offers to sell, sells, imports, and/or supplies or causes to be supplied from within the United States combat pants which allow for the insertion of knee pads ("the Products") for both U.S. military and non-military use.

14. Upon information and belief, in 2013 Defendant offered to sell the Products to the U.S. Army in response to U.S. Army Solicitation No. W911QY-13-R-0010.

15. Upon information and belief, Defendant has also manufactured, caused to be manufactured, used, offered to sell, sold, imported, and/or supplied or caused to be supplied the Products in the commercial stream of commerce in the United States. In fact, Defendant's website states that "ReadyOne is a leading apparel merchandise and apparel manufacturing company. For more than 12 years we have provided the United States military and commercial businesses with top-notch apparel merchandise and apparel manufacturing." (Exhibit C). Similarly, Defendant's LinkedIn page describes ReadyOne's business as "[s]erving federal and commercial enterprises." (Exhibit D.) Further, the El Paso Times reported in 2010 that "22

---

[1] In this Complaint, the phrase "U.S. military" or "United States military" is a reference to any of the U.S. Armed Forces, the U.S. Department of Defense or any components thereof.

3

members of the El Paso Police Department SWAT team were given specially designed combat uniforms manufactured by ReadyOne Industries." (Exhibit E.) Defendant even issued a press release to this effect. (Exhibit F.) Upon information and belief, the uniforms furnished by Defendant to the El Paso SWAT team in April 2010 included infringing garments.

16. At least as early as March 18, 2013, Defendant was on express actual notice that the Products were infringing the '270 patent because Crye Precision informed Defendant of this fact in a letter to Defendant. (Exhibit G.)

17. At least as early as March 18, 2013, Defendant was aware of the existence of the published patent application that led to the '666 patent because Crye Precision informed Defendant of this fact in a letter to Defendant.

18. Crye Precision has continued to inform Defendant that its activities infringe the patents in suit.

19. Despite having knowledge of the patents in suit, Defendant has continued to use, sell, offer to sell, manufacture or cause to be manufactured, promote, and/or supply or cause to be supplied from the United States its products, while knowing that such activities are infringing the '270 and '666 patents. Defendant's conduct in infringing the patents in suit is intentional, willful, and objectively unreasonable.

20. Through Defendant's willful infringement of the patents in suit, Defendant has obtained revenues, gains, benefits, and advantages through the promotion and sale of the Products.

21. Defendant's acts as set forth herein have been without license or authority of Plaintiffs.

## DAMAGES

22. Plaintiffs are being irreparably harmed by Defendant's infringing activities, and have no adequate remedy at law.

23. Plaintiffs have been extensively damaged by Defendant's patent infringement and pre-issuance patent infringement in an amount to be determined by a jury and this Court.

24. Plaintiffs seek damages as a result of Defendant's infringement which include, but are not limited to: a reasonable royalty from Defendant's sales, Plaintiffs' lost sales, Plaintiffs' lost profits, and damage to Plaintiffs' reputation and good will arising from Defendant's sales of infringing products and pre-issuance infringing products, and activities engaged in by Defendant that directly infringe, constitute contributory infringement of, and or induce infringement of, the patents in suit.

25. Plaintiffs request that this honorable Court assess enhanced damages against Defendant in the fullest amount permissible by law, in view of the willful, egregious, malicious, and extensive nature of Defendant's bad faith activities complained of herein, and in view of the numerous violations, the willful nature of the violations, and the significant damage to Plaintiffs, as set forth herein.

## COUNT I – PATENT INFRINGEMENT

26. The allegations of paragraphs 1-25 are repeated and re-alleged as if fully set forth herein.

27. This claim arises under 35 U.S.C. § 271.

28. Defendant has engaged in the foregoing conduct with respect to the patents in suit during their term without license or authority from Plaintiffs. Despite Plaintiffs' demands, Defendant will not cease engaging in the foregoing conduct.

29. Defendant has infringed and continues to infringe the patents in suit by and through its aforementioned activities related to the Products.

30. Defendant's acts of infringement have been willful and with knowledge of the patents in suit.

31. Defendant has profited from its infringing activities.

32. As a result of Defendant's conduct, Plaintiffs have been substantially harmed, have suffered actual damages, have suffered lost profits, and lost sales and have been forced to retain legal counsel and costs of court to bring this action.

33. If Defendant's infringing conduct is not enjoined, Plaintiffs will suffer irreparable harm that cannot be adequately compensated by monetary damages.

### COUNT II – PRE-ISSUANCE INFRINGEMENT OF PUBLISHED PATENT APPLICATION

34. The allegations of paragraphs 1-33 are repeated and re-alleged as if fully set forth herein.

35. This claim arises under 35 U.S.C. § 154.

36. Defendant has used, sold, offer to sell, manufactured or caused to be manufactured, promoted, and/or supplied or caused to be supplied from the United States the Products which are the invention claimed in U.S. Published Patent App. No. 12/699,804 (Publication No. US 2010/0223709) published on September 9, 2010, which application later matured into the '666 patent.

37. The invention as claimed in U.S. Published Patent App. No. 12/699,804 is substantially identical to the invention as claimed in the '666 Patent, and Defendant had actual knowledge of U.S. Published Patent App. No. 12/699,804. On March 18, 2013, Jonathan E. Antone, General Counsel of Crye Precision LLC, sent Tom Ahmann, Chief Executive Office of

Defendant a letter informing Defendant of U.S. Published Patent App. No. 12/699,804. (Exhibit G.)

38. Plaintiff has been damaged by Defendant's pre-issuance infringement of U.S. Published Patent App. No. 12/699,804.

## JURY TRIAL DEMAND

39. Pursuant to Rule 38, Fed R. Civ. P., Plaintiffs hereby demand a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in Plaintiffs' favor and against Defendant, and provide Plaintiffs the following relief:

A. That Defendant be adjudged to have engaged in infringement of the patents in suit and pre-issuance infringement of the '666 patent under 35 U.S.C. §§ 154 and 271.

B. That the patents in suit were duly and legally issued by the U.S. Patent and Trademark Office, and are valid and enforceable;

C. That each of Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. § 283 from engaging in any activities which infringe Plaintiffs' rights in the patents in suit under 35 U.S.C. § 271;

D. That each of Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be enjoined pursuant to 35 U.S.C. § 283 from making, using, manufacturing, importing, exporting, offering for sale and selling any products and activities which directly infringe, constitute contributory infringement, or induce infringement, of the

patents in suit under 35 U.S.C. § 271;

E. That Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

F. That Defendant be required to account for and pay over to Plaintiffs any and all revenues and profits derived by it and all damages sustained by Plaintiffs by reason of the acts complained of in this Complaint, including an assessment of interest on the damages so computed, and that the damages be trebled pursuant to 35 U.S.C. § 284, and all other applicable law;

G. That Defendant be required to account for and pay over to Plaintiffs such actual damages as Plaintiffs have sustained as a consequence of Defendant's infringement of the patents in suit, and that the damages relating to patent infringement be trebled pursuant to 35 U.S.C. §284, and to account for and pay to Plaintiffs all of Defendant's gains, revenues, profits and advantages attributable to or derived by Defendant's infringement of the patents in suit;

H. That Defendant be required to pay a reasonable royalty under 35 U.S.C. § 154(d);

I. That each such award of damages be enhanced to the maximum available for each infringement in view of Defendant's willful infringement of Plaintiffs' rights;

J. That Defendant be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the infringing materials in its possession or under its control and all materials and machinery, including but not limited to molds and master models, used for making same;

K. That Plaintiffs be awarded punitive and/or exemplary damages because of the egregious, malicious, and tortious conduct of Defendant complained of herein;

L. That Plaintiffs recover the costs of this action including their expenses and reasonable attorney's fees pursuant to 35 U.S.C. § 285 and all further applicable law, because of the deliberate and willful nature of the infringing activities of Defendant sought to be enjoined hereby, and that this case be deemed an exceptional case warranting such an award;

M. That Plaintiffs be awarded pre-judgment and post-judgment interest;

N. That Plaintiffs obtain all further relief permitted under the laws of the United States and the State of Virginia; and,

O. That Plaintiffs obtain all such other and further relief as the Court may deem just and equitable.

Dated: December 24, 2014

Respectfully submitted,

Matthew L. Fedowitz
Virginia State Bar No. 70076
MERCHANT & GOULD PC
1701 Duke Street, Suite 310
Alexandria, VA 22314
(706) 684-2526 (phone)
(703) 684-2501 (fax)
mfedowitz@merchantgould.com

OF COUNSEL:
Lee A. Goldberg (proposed *pro hac vice*)
Dianna G. El Hioum (proposed *pro hac vice*)
Benjamin H. Graf (proposed *pro hac vice*)
MERCHANT & GOULD PC
767 Third Avenue, 23rd Floor
New York, New York 10017
(212) 223-6520 (phone)

(212) 223-6521 (fax)
lgoldberg@merchantgould.com
delhioum@merchantgould.com
bgraf@merchantgould.com