**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| LINEWEIGHT, LLC and )<br>CRYE PRECISION, LLC )<br>　　　　　　　　　　　　　　 )<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　 )<br>　　　v. )<br>　　　　　　　　　　　　　　 )<br>READYONE INDUSTRIES, INC., )<br>　　　　　　　　　　　　　　 )<br>　　　　　　Defendant. ) | Civil Action No. 2:14-cv-00657-MSD-LRL |

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, ReadyOne Industries, Inc. ("ReadyOne"), by and through its counsel, K&L

Gates LLP, files this Motion for Partial Summary Judgment.  In support thereof, ReadyOne

states:

## I.    INTRODUCTION

1.    This Motion raises two separate defenses that should effectively resolve --

or at least substantially narrow -- this litigation. The first defense depends on the application of a

statute to the undisputed fact that the contracts between ReadyOne and the United States

government provide that Plaintiffs must seek relief for claims premised upon those contracts, not

against ReadyOne, but against the government in the Court of Federal Claims.  The second

defense is based upon Plaintiffs' written admissions in their answer to ReadyOne's

counterclaims.

2.    On December 24, 2014, Plaintiffs LineWeight, LLC and Crye Precision,

LLC (collectively, "Crye") filed suit alleging that ReadyOne infringes two of Crye's patents,

U.S. Patent Nos. 7,237,270 ("the '270 Patent") and 8,621,666 ("the '666 Patent") (collectively

"the patents").  The patents generally cover a specific type of knee pad combined with combat

pants, and Crye initially alleged in its Complaint that ReadyOne infringes the patents by selling or offering to sell such a combination to the U.S. military.  *See* Complaint, Dkt. No. 1 at ¶¶ 13-14.

3. ReadyOne filed an Answer, Affirmative Defenses and Counterclaims. Dkt. No. 15, to which Crye responded, Dkt. No. 17, making various admissions that support this motion.

4. ReadyOne files this Motion for Partial Summary Judgment to dispose of essentially the entire action on two independent grounds:  (1) to the extent that the action arises out of sales to the federal government, it is barred by 28 U.S.C. § 1498(a); and (2) to the extent that this action arises out of sales by ReadyOne of the more than $4.5 million worth of knee pads that ReadyOne purchased from Crye, it is barred by the doctrine of patent exhaustion.

## II.    GROUNDS FOR THE MOTION FOR PARTIAL SUMMARY JUDGMENT

5. *First*, the undisputed facts show that, to the extent that Crye's action is based on ReadyOne's sales and offers to sell to the U.S. Army, ReadyOne is immune from liability for infringement under 28 U.S.C. § 1498(a), which immunizes federal contractors from liability for patent infringement for sales made to the Federal Government;

6. In support of its Motion, ReadyOne proffers the Affidavit of its CEO, Antonio Martinez, to which he appended eleven separate contracts for combat pants and Crye knee pads.  Each of those contracts contains Federal Acquisition Regulation (FAR) Clause 52.227-1, which provides that the "Government authorizes and consents to all use and manufacture, in performing this contract or any subcontract at any tier, of any invention described in and covered by a United States patent…."  48 C.F.R. § 52.227-1.

7.      As a matter of law, Section 1498(a) bars plaintiffs' claims of infringement against ReadyOne in connection with these sales.  Plaintiffs' remedy lies instead against the government in the Court of Federal Claims.

8.      ***Second***, plaintiffs' admissions show that the doctrine of patent exhaustion bars plaintiffs' claims to the extent that they arise from ReadyOne's sales and offers to sell knee pads that ReadyOne purchased from Crye.

9.      The doctrine of patent exhaustion provides that once a patentee (or its licensee) sells an article covered by a patent, it cannot sue the purchaser for using that article to practice the patent or for reselling it to others for such use because "the entire consideration and compensation for" the right to practice the patent "is the purchase price [already] paid." *United States v. Univis Lens Co.*, 316 U.S. 241, 250 (1942).

10.      Crye admits that ReadyOne ordered over $4.5 million worth of Crye AirFlex™ knee pads directly from Crye; that Crye had authority to sell the knee pads under the patents; and that ReadyOne's purchase of the knee pads was lawful and with authorization from Crye.  *See* Answer to Counterclaim, Dkt. No. 17 at ¶¶ 16, 27, 27.  Crye also admits that it has no factual basis for a belief that ReadyOne sells the knee pads to any other customer other than the U.S. Army, or that ReadyOne purchased the kneed pads that it supplied to the Government under these contracts from anyone other than Crye.  *Id.* at ¶¶ 12, 21.  Further, the undisputed facts are that the knee pads are essential to the Patents and have no other reasonable use.  *Id.* at ¶¶ 22-25. The patents are thus exhausted and Crye cannot maintain an action for infringement against ReadyOne.

WHEREFORE, and in light of the additional reasons set forth in ReadyOne's Brief in Support, ReadyOne respectfully requests partial summary judgment of no liability for

infringement as to Counts I and II of Crye's Complaint to the extent that either Count is based upon offers or sales to the Federal Government and/or upon sales of knee pads that ReadyOne purchased from Crye, and ReadyOne also requests summary judgment on Counts I and II of its Counterclaims.

A Proposed Order is attached.

Dated:  March 27, 2015

Respectfully submitted,

_____/s/_____
Eric C. Rusnak (VA Bar #65895)
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100
eric.rusnak@klgates.com

*Attorney for Defendant*
*ReadyOne Industries, Inc.*

*Of Counsel:*
Patrick J. McElhinny (admitted *pro hac vice*)
patrick.mcelhinny@klgates.com
Mark Knedeisen (admitted *pro hac vice*)
mark.knedeisen@klgates.com
Eliza Hall (admitted *pro hac vice*)
eliza.hall@klgates.com
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500

*Attorneys for Defendant*
*ReadyOne Industries, Inc.*

## LOCAL CIVIL RULE 37 CERTIFICATION

I, Eric C. Rusnak, hereby certify that on March 18, 2015, counsel for the parties conferred in a good faith effort to narrow the scope of the issues presented in this motion and were unable to do so.

Dated:  March 27, 2015

_____/s/_____
Eric C. Rusnak (VA Bar #65895)
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100
eric.rusnak@klgates.com

*Attorney for Defendant*
*ReadyOne Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2015, the foregoing MOTION FOR PARTIAL SUMMARY JUDGMENT was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____/s/_____

Eric C. Rusnak (VA Bar #65895)
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
Telephone: (202) 778-9000
Facsimile: (202) 778-9100
eric.rusnak@klgates.com

*Attorney for Defendant*
*ReadyOne Industries, Inc.*